UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**ESTEBAN DEJESUS LOWERY**                                                                         **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:18CV-P59-JHM**

**COMMONWEALTH OF KENTUCKY**
**COURT OF JUSTICE** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A of Plaintiff Esteban DeJesus Lowery's *pro se* complaint (DN 1) and amended complaint (DN 18). For the reasons that follow, some of the claims will be dismissed, the remaining claims will be stayed, and Plaintiff will be ordered to provide information regarding his pending state-court criminal actions.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee in the Warren County Regional Jail, filed this action pursuant to 42 U.S.C. § 1983. As Defendants, Plaintiff names (1) "Commonwealth of Kentucky Court of Justice"; (2) Bowling Green Police Department (BGPD); (3) Warren County Chief District Judge John D. Brown; (4) Warren County Family Court Judge David Lanphear; (5) BGPD Officer Benjamin Carroll; (6) BGPD Officer N. Boyar; and (7) Kentucky State Police (KSP) Trooper Matt Cardwell. Plaintiff sues Defendants in their individual and official capacities.

In the complaint and amended complaint, Plaintiff alleges that Defendant Judge Brown violated the Fourth, Eighth, and Fourteenth Amendments by "signing warrants from false reported incidents Dec. 2009 and Nov. 15 2017 [and Apr. 2018] against the Plaintiff" and "with Excessive bail of $10,000 for Class D felonies."

Plaintiff alleges that Defendant Judge Lanphear violated the Eighth and Fourteenth Amendments by "stating that it was the Plaintiffs 'Last Chance' incarcerating him causing Plaintiff to lose his home, employment and lively hood to provide for his children of 3, Apr. 2016."

As to Defendant Officer Carroll, Plaintiff claims that he violated the Fourth and Fourteenth Amendments by "racially discriminating Plaintiff and having BGPD deny services of the law for an Identity Theif.gov reported incident filed by Plaintiff Apr. 2018 for Identity theif of Plaintiff's DD14 Military Documents of the Plaintiff, November 15, 2017 April 28, 2018 Identity Theif.gov against Crystal Dawn Juarbe of Home.com Realtor." Plaintiff further claims that Defendant Officer Carroll "stopped, detained solely motivated by consideration of Plaintiff's race, color [and] ethnicity and the action constituted violation of the civil rights of the Plaintiff by referring Plaintiff as 'Black Male' . . . in Defendants Uniform Citation [] injuring Plaintiff [] having stitches placed in left thumb palm."[1]

Next, Plaintiff claims that Defendant Trooper Cardwell violated the Fourth and Fourteenth Amendments on "Dec. 2009, having false reported incident in warrant signed by Defendant Judge [] Brown causing Plaintiff to lose his home, employment and his lively hood." He additionally claims that Defendant Trooper Cardwell stated that "Plaintiff committed an incident of mencing and criminal trespassing electrically signed by Defendant Judge [] Brown."

Finally, Plaintiff claims that Defendant Officer Boyar violated the Fourth Amendment by "filing a false incident report having Defendant Judge [] Brown sign an Electrically warrant to

---

[1] In a Uniform Citation attached to the complaint (DN 1-3), Defendant Officer Carroll describes the facts surrounding the arrest of Plaintiff on April 28, 2018. On that document, Plaintiff writes that he "received (11) stitches in his right tricept and (6) stitches in his left thumb and palm due to excessive force by Defendant Carroll."

arrest Plaintiff . . . Nov 15, 2017." He also claims that Defendant Officer Boyar "destroy[ed] evidence 01-09-2018 after Defendant Judge [] Brown eletrically signed warrant . . . stating Plaintiff committed an incident that was closed 07-26-17 [and] 07-27-17 due to unable to locate or have proof of Plaintiff committing the incident called by what was stated by the alleged victim."

Plaintiff seeks monetary and punitive damages, and as injunctive relief, he seeks release from illegal detention and writes "U.S.C. §§ 2241, 2254 or 2255."

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. *Injunctive Relief*

Plaintiff seeks release from illegal detention and cites to 28 U.S.C. §§ 2241, 2254 and 2255. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, a § 1983 claim for such relief cannot lie and will be dismissed.[2] It is unknown what Plaintiff means when citing to §§ 2241, 2254, and 2255, and in any event, such petitions/motions cannot be filed in a § 1983 action. For these reasons, the claims for injunctive relief will be dismissed.

---

[2] Pretrial detainees, in certain circumstances, may seek habeas relief under 28 U.S.C. § 2241(c) following exhaustion of available state remedies. *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 488, 493 (1973) (finding that petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing respondent to afford him an immediate trial).

## B. Damages

### 1. Commonwealth of Kentucky Court of Justice

The Court will dismiss the claims against the state court on two bases. First, "[a] state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). Second, the Eleventh Amendment[3] bars the claims against the court. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (explaining that the Eleventh Amendment "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities"); *Phar v. Kentucky, 14th Dist. Circuit Court*, No. 5:17-CV-159-JMH, 2017 WL 1276950, at *2 (E.D. Ky. Apr. 4, 2017) (finding that "the 14th Judicial Circuit is an arm of the state, and thus, is immune from suit under the Eleventh Amendment").

### 2. Official-Capacity Claims against Judges Brown and Lanphear and Trooper Cardwell

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendants Judges Brown and Lanphear and Trooper Cardwell are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed to be claims against the Commonwealth. *See Kentucky v. Graham*, 473 U.S. at 166.

---

[3] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169; *see also Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment); *Carter v. Porter*, 617 F. Supp. 2d 514, 517 (E.D. Ky. 2008) (applying Eleventh Amendment immunity to Kentucky State Police commanders and troopers in their official capacities).

### *3. BGPD and Official-Capacity Claims against Officers Carroll and Boyar*

The Court will dismiss the claims against BGPD because it is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, the claims against the police department are against the City of Bowling Green as the real party in interest. *Matthews v. Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Further, because official-capacity claims are actually against the employer, *Kentucky v. Graham*, 473 U.S. at 166, Plaintiff's official-capacity claims against Defendants Officers Carroll and Boyar also are against the City of Bowling Green. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff fails to allege a policy or custom of the City of Bowling Green that caused his alleged harm. For this reason, the claims against Defendant BGPD and the official-capacity claims against Defendants Officers Carroll and Boyar will be dismissed for failure to state a claim upon which relief may be granted.

### *4. Individual-Capacity Claims against Judges Brown and Lanphear*

As to the individual-capacity claims, the judges are entitled to absolute judicial immunity for the damages claims. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.") (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)).

Further, because Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable, his claim for injunctive relief against the judge is also barred. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam) (holding that claim for injunctive relief against state judge in his judicial capacity barred because plaintiff had not alleged violation of declaratory decree or that declaratory relief was unavailable); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 448 (E.D. Mich. 2006) (where plaintiff had not alleged that judicial defendants violated a declaratory decree or that declaratory relief was unavailable, claim for injunctive relief barred).

For the foregoing reasons, the claims against Defendants Brown and Lanphear will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### 5. *Individual-Capacity Claims against Officers Carroll and Boyar and Trooper Cardwell*

Plaintiff alleges Fourth and Fourteenth Amendment claims against Defendants Officers Carroll and Boyer and Trooper Cardwell.

As to Plaintiff's claim that Defendant Officer Carroll did not allow him to file an identity theft report/charges against someone, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and "individuals have no constitutional right to file a police report." *Hamby v. Parker*, No. 3:17-CV-01596, 2018 WL 2264418, at *3 (M.D. Tenn. May 15, 2018); *Miller v. Kohls*, No. 2:15-CV-152-PRC, 2016 WL 51109, at *2 (N.D. Ind. Jan. 4, 2016) ("[I]ndividuals have no constitutional right to a police report for illegal conduct that has already transpired.").

As to Plaintiff's remaining claims (excessive force, denial of equal protection, false statements in warrants, and destruction of evidence) under the Fourth and Fourteenth Amendments against Defendants Officers Carroll and Boyer and Trooper Cardwell, those claims will be stayed.

In *Wallace v. Kato*, the Supreme Court held as follows:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citations omitted). In light of *Wallace v. Kato*, because Plaintiff is a pretrial detainee who has a pending criminal case(s) stemming from his allegations, it is necessary for the Court to stay the instant action until completion of the criminal proceedings.

## IV. **<u>ORDER</u>**

For the foregoing reasons,

**IT IS ORDERED that the following claims are STAYED pending completion of the state criminal proceedings**: the claims of excessive force, denial of equal protection, false statements in warrants, and destruction of evidence under the Fourth and Fourteenth Amendments against Defendants Officers Carroll and Boyer and Trooper Cardwell in their individual capacities for damages.

**IT IS FURTHER ORDERED** that within **30 days** of entry date of this Memorandum Opinion and Order, **Plaintiff must provide the Court with the following information in writing regarding his pending state-court criminal actions**:

(1) state all charges filed against him arising out of the incidents that are the subject of this lawsuit;

(2) provide the Court with the criminal action number(s) for those charges;

(3) for all charges, state whether the charges have been dismissed, are still pending, or whether he has been convicted;

(4) if charges are still pending, state the status of those criminal proceedings;

(5) if he has been convicted on any charges, state whether a direct appeal or state collateral proceeding is pending;

(6) if he has been convicted on any charges, state specifically on what charges he was convicted and provide a copy of the order or judgment of conviction entered in state court; and

(7) if any charges have been dismissed, state specifically what charges have been dismissed and provide a copy of the order or judgment entered in state court.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to § 1915A(b)(2) for seeking damages from Defendants immune from such relief and/or as barred by the Eleventh Amendment.

As all claims against the following Defendants have been dismissed, **the Clerk of Court is DIRECTED to terminate them as parties to this action**: the Commonwealth of Kentucky Court of Justice, the Bowling Green Police Department, and Judges Brown and Lanphear.

**Plaintiff is <u>WARNED</u> that his failure to comply with this Order within <u>30 days</u> will result in dismissal of this action for failure to comply with an Order of this Court and for the reasons stated herein**.

Date: November 8, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.005